## JACOB CHASE *v.* IRA A. SNOW.

*Sale. Change of Possession. Bailment. Principal and Agent. Estoppel. Damages.*

In trover for a quantity of lumber, it appeared that plaintiff was the owner of certain land, with a house and barn thereon, which he had leased by parol to H., reserving the right to the use of certain rooms in the house, and to the use of the barn jointly with H., which rights plaintiff's son used to some extent with plaintiff's consent ; that plaintiff, wishing to enlarge the barn, arranged with his son to furnish lumber, which the son procured to be placed on the land ; and that the lumber was there attached by defendant as the son's property. *Held*, enough to protect the lumber from attachment as the son's, that the son was divested of possession, and not necessary that H. should become bailee for plaintiff.

*Held*, also, under the circumstances, *q. v.*, that the son never had title in the lumber, but that he bought it as the plaintiff's agent.

The defendant caused the lumber to be sold on execution, and plaintiff procured it to be bid off for himself. *Held*, that plaintiff was not estopped from asserting his claim thereto by having permitted the sale, and by having procured the purchase thereof ; but that his damages should be restricted to what it cost him to regain possession.

TROVER for a quantity of lumber. Plea, general issue, with notice of special matter, and trial by jury, March Term, 1878, BARRETT, J., presiding.

The evidence introduced on the part of the plaintiff tended to prove that at some time in 1872 the plaintiff's son, Abram F., acting therein as the plaintiff's agent, leased by parol certain premises consisting of a house and barn, and the land on which they stood, of which the plaintiff was then the owner, to one Hix, reserving two rooms in the house, and the privilege of using the barn in common with Hix ; and that Hix took and thereafter retained possession of the premises, the plaintiff using one of the rooms so reserved for storage, and to lodge in a small part of the time, and permitting his son to sleep in the other and to use the barn, and Hix otherwise having possession of the entire premises. The plaintiff's evidence tended further to prove that in June, 1873, he proposed to enlarge the barn for the son's convenience, when the son, who was a merchant, said to him that he could get the lumber therefor from persons who owed him on account, and would be glad to do so, to which the plaintiff replied that if the son would deliver the lumber for him at the premises, of which Hix was still in possession, he would pay him in cash therefor at the rate at which the son might pay ; and that the son accepted that offer, and in the following fall caused the lumber to be delivered for the plaintiff on the garden on said premises, Hix having knowledge of the arrangement in regard thereto, and not objecting. The plaintiff was informed of the delivery of the lumber, of the quantity and the price paid ; and in December he examined but did not measure it, and told the son that he would take it and pay him for it. It remained in that condition until March, 1874, when the defendant attached it as the property of the son, removed it, and procured it to be sold on execution.

The testimony of the defendant tended to prove that all of Hix's dealings in regard to the premises prior to the attachment were with the son, and that the son had the use of most of the premises not used by Hix. The evidence did not show notice to Hix that the plaintiff had paid for the lumber, nor any request to him to keep it for the plaintiff, nor any knowledge of the matter

on Hix's part other than such as the plaintiff's evidence tended to prove, as already stated. The defendant's evidence further tended to prove that he sold the lumber at public auction in the spring of 1874, and that the plaintiff procured one Upton to attend the sale and bid in the lumber, after which the lumber was returned to the plaintiff's premises.

The defendant requested the court to charge that if Hix had notice of the sale of the lumber to the plaintiff, it was necessary for him to consent to keep it for him, or to let it remain ; and that if the plaintiff, without making any claim to the lumber, procured Upton to bid it off for him, he was estopped from asserting any right to it.

The court charged in substance that if Hix had knowledge of the arrangement between the plaintiff and said Abram, by which Abram was to deliver the lumber for the plaintiff on the plaintiff's premises in the occupancy of Hix, and that the plaintiff was to pay Abram such sum as the lumber should cost him, and Hix made no objection to the arrangement, and that the lumber was so delivered in pursuance of such arrangement, it was delivered to the plaintiff on his own premises, and was thereafter out of the control of Abram, and in the control of plaintiff; and that there was by that act of delivery a full and complete change of possession ; and that the lumber, after such delivery, would not be liable to attachment on the debts of said Abram. The court also charged that if the plaintiff procured Upton to bid off the lumber as stated, and so regained the lumber, he would be entitled to recover only such sum as it cost him to get it. The court did not otherwise comply with the requests to charge. To the refusal to charge as requested, and to the charge given, the defendant excepted.

Verdict for the plaintiff for what it cost him to get the lumber, with interest thereon.

*O. E. Butterfield* and *H. W. Brigham*, for the defendant, contended that the title in the lumber did not pass to the plaintiff, and cited *Rider* v. *Kelley*, 32 Vt. 268, and other cases ; that notice to Hix and his assent to keep the lumber for the plaintiff were nec-

essary, and cited *Flanagan* v. *Wood*, 33 Vt. 332, 337, and other cases ; and that the plaintiff was estopped by the sale on execution, and cited *Cady* v. *Owen*, 34 Vt. 598, and other cases.

*C. B. Eddy* and *Davenport & Eddy*, for the plaintiff, contended that the defendant's first request was properly refused, and cited *Chase* v. *Snow*, 48 Vt. 436 ; *Fitch* v. *Burk*, 38 Vt. 683 ; *Hutchins* v. *Gilchrist*, 23 Vt. 82, 88 ; *Birge* v. *Edgerton*, 28 Vt. 291 ; *Whitney* v. *Lynde*, 16 Vt. 579 ; *Rice* v. *Courtis*, 32 Vt. 460.

They also contended that there were none of the elements of estoppel in the case, and that the second request was also rightly refused.

The opinion of the court was delivered by

REDFIELD, J.   The plaintiff owned the premises where the lumber was attached.   Hix occupied the premises, under a parol lease, with certain reservations of rooms in the house, and privileges in the barn ;   and Abram F. Chase, the plaintiff's son, had to some extent used these reserved privileges with the plaintiff's consent.   The court charged the jury "that if Hix had knowledge of the arrangement between the plaintiff and said Abram, by which Abram was to deliver the lumber for the plaintiff on plaintiff's premises, in the occupancy of Hix, and that the plaintiff was to pay Abram such sum as the lumber should cost him, and Hix made no objection to the arrangement, and that the lumber was delivered in pursuance of such arrangement, it was delivered to the plaintiff, on his own premises, and was therefore out of the control of Abram, and in the control of the plaintiff ; and that there was by that act of delivery a full and complete change of possession ;   and that the lumber after such delivery would not be liable to attachment on the debts of said Abram." Abram had no right in the premises.   He used some privileges there by sufferance and permission.   Abram had neither possession nor color of right in the place where the lumber was deposited, and it was placed there by direction of the plaintiff, and implied assent of Hix.   It is not necessary that Hix should become bailee of the lumber ;   it is enough that Abram became

divested of the possession ; and if the plaintiff placed the lumber in the garden wrongfully as against Hix, that is a matter between plaintiff and Hix ; it gives no possession of the lumber to Abram. Besides, it is not apparent that Abram ever had any interest in the lumber ; he bought the lumber for the plaintiff—not to sell to the plaintiff, but as his agent. The lumber became the plaintiff's on purchase, and the plaintiff bound to replace the money paid for it ; not the lumber, but the money in the plaintiff's hands, was liable to attachment at the suit of Abram's creditors. We find no error in the charge.

It is claimed that plaintiff is estopped from claiming title to the lumber by procuring Upton to bid in the lumber at the sheriff's sale. The effect of such act is to limit the plaintiff's recovery to the actual cost of obtaining the possession and control of his property, and has no operation upon the title.

*Judgment affirmed.*